## STATE v. YANT.
### No. 5048.

Circuit Court, Dade County, Criminal Appeal.
April 7, 1961.

David D. Phillips, Miami, for appellant.

Richard E. Gerstein, State Attorney, Eugene P. Spellman, Ass't. State Attorney, for appellee.

WILLIAM A. HERIN, Circuit Judge.

Appellant herein, hereinafter referred to as the defendant, was charged in an information filed against him in the criminal court of record of this county with having "in his possession certain lottery tickets, or evidence of a share or right in certain lottery tickets, lottery schemes or devices, a better and more particular description thereof being to the state attorney unknown, such lottery tickets, lottery schemes or devices, representing an interest in a live lottery not yet played or representing, or having represented, an interest in a lottery that has already been played, a better and more particular description thereof being to the state attorney unknown." This language of the information charges a violation of §849.09(1)(h), F.S.A. Defendant was tried by the Honorable George E. Schulz, then judge of the criminal court of record, without a jury on his waiver of trial by jury. Before the trial, by a motion to suppress evidence and at the trial by objections to the reception of evidence, he contended that the physical evidence seized and offered by the state should not be admitted

because it was the result of an unlawful search and seizure. With the exception of certain evidence found by a search of the defendant's automobile, which the trial judge ruled out, the other physical evidence was admitted against the motion to suppress and over the objections at the trial.

This court, in passing, can find no fundamental error in the rulings of the trial court admitting such evidence, but a discussion of such rulings and objections thereto is unnecessary because appellant in his brief in legal effect abandons them.

In his brief, appellant sets out as the sole point involved — "Where the only evidence introduced to prove the charge of possession of lottery tickets defined by §849.09 (1) (h) Florida Statutes are slips of papers with numbers written thereon, and there is no proof of the past or present existence of a lottery, is such evidence sufficient to sustain a conviction for the offense charged?" By this point this court's attention is directed only to a consideration of whether or not it was necessary for the state to prove that the lottery tickets found and introduced in evidence were either connected with a present lottery or one that had been conducted within the two years prior to their seizure in the possession of the defendant. §849.09 (1) (h) reads as follows — "(1) It shall be unlawful for any person in this state to: * * * (h) Have in his possession any lottery tickets, or any evidence of any share or right in any lottery ticket, or in any lottery scheme or device, whether such ticket or evidence of share or right represents an interest in a live lottery not yet played or whether it represents or has represented, an interest in a lottery that has already been played;"

Under this quoted provision of the statute, it is immaterial whether the lottery tickets, or evidence of a share or right in certain lottery tickets, lottery schemes or devices, are connected with a present lottery or one that has already been run. Possession of lottery tickets or other evidences of rights or share of rights in a lottery is forbidden. Consequently, the point sought to be raised by appellant in his brief is immaterial.

The evidence admitted by the learned trial judge was sufficient to support his finding and judgment of guilty. The state proved, without contradiction, that the officer found, in the possession of the defendant, papers which the officer testified were lottery tickets. The trial judge, as was his right and function as the trier of the facts, believed this evidence and based his findings and judgment thereon. This court can find no error justifying a reversal, and it must be and is considered, ordered and adjudged that the judgment appealed from be and it hereby is affirmed.